IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V. | : | CRIMINAL NO. 20-211 |
| ANTHONY LUCIDONIO, SR.<br>NICHOLAS LUCIDONIO | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT NICHOLAS LUCIDONIO'S MOTION FOR RELEASE PENDING APPEAL**

This Court should deny defendant Nicholas Lucidonio's motion for release pending appeal. Defendant styles his motion as a "Motion to Postpone Surrender Date," but he asks this Court to "postpone his surrender date until 14 days after a decision from the Third Circuit is issued." (Mot. at 4.)[1] Thus, in substance, defendant's motion is a motion for release pending appeal, so he must meet the requirements of 18 U.S.C. § 3143 for release pending appeal. But he has not done so here. He has made no showing that his appeal presents a substantial issue of law or fact, and, regardless, he would still face a sentence of imprisonment greater than the remaining expected duration of his appeal even if his sentence is reversed on appeal.

1. A defendant may not be granted bail pending appeal unless: (1) the defendant proves "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released"; and (2) the defendant's appeal is not brought for the purpose of delay and raises "a substantial question of law or fact likely to result

---

[1] "Mot." refers to defendant's motion for release pending appeal; "Doc." refers to the pleadings on this Court's docket; "PSR" refers to defendant's presentence investigation report.

in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). In enacting this provision, Congress intended "to reverse the presumption in favor of bail," *United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985), and to "toughen the law with respect to bail pending appeal." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). The defendant bears the burden of establishing that he has met all the requirements for bail pending appeal. *Miller*, 753 F.2d at 24.

2. Defendant has not and cannot meet that burden here. Indeed, defendant makes no argument that his pending appeal raises a substantial question of law or fact. Instead, defendant merely observes that "*[i]f* [the court of appeals'] decision is in Mr. Lucidonio's favor, the case will be remanded for resentencing." (Mot. at 2, ¶ 7 (emphasis added).) Defendant has therefore waived any argument on this point, *see, e.g., United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005), and the Court can and should deny his motion on this ground alone.

3. Regardless, even if defendant had met his burden of proving he has raised a substantial issue on appeal, he would still not be entitled to release pending appeal. Because defendant's only appellate issue is a sentencing issue and he has not begun serving his sentence, he must also show that reversal is "likely to result in" a sentence "less than . . . the expected duration of the appellate process." 18 U.S.C. § 3143(b)(B)(iv).

Defendant has not met this burden either. Defendant's appeal challenges only this Court's imposition of a two-level offense level increase under USSG §2T1.9(b)(2) for "encourag[ing] persons other than or in addition to co-conspirators to violate the internal revenue

laws." Without this increase, defendant's offense level on remand for resentencing would decrease from 17 to 15. (PSR ¶¶ 38-47; Doc. 127 at 24.) This would still leave defendant with a Guidelines range of 18 to 24 months of imprisonment — a range that includes the 20 months of imprisonment this Court originally imposed. *See* USSG Ch. 5 Pt. A (providing for this range when the offense level is 15 and the criminal history category is I).

In contrast to the substantial sentence of imprisonment that would still be recommended under the Guidelines, the remaining duration of the appeal is very short. The appeal has already been fully briefed, and it was argued in November 2024, which even defendant acknowledges means that "a decision is presumably imminent." (Mot. at 2, ¶ 7.) Defendant therefore has not shown that it is remotely plausible, let alone likely, that his sentence on remand for resentencing would be shorter than the remaining duration of his appeal.

4. Defendant's contrary arguments are meritless.

a. Defendant speculates (Mot. at 2, ¶ 7) that he might receive a non-custodial sentence following a remand for resentencing because the Court could then consider his "post-offense rehabilitation." But defendant makes no argument that he has, in fact, been rehabilitated to such an extraordinary degree that this Court, after originally imposing a 20-month sentence of imprisonment, would vary downward to probation on remand for resentencing. Defendant therefore has waived this argument too, *see Pelullo*, 399 F.3d at 222, and regardless has failed to meet his burden of showing he would receive a non-custodial sentence upon resentencing.

b. Defendant argues (Mot. at 3, ¶¶ 9, 10) that he should be granted release pending appeal because he and his father are both in poor health. But neither the defendant's health nor the health of another that the defendant might care for if released are proper considerations in

3

deciding whether to grant release pending appeal.  Section 3143(b) provides that the court "*shall order shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment . . . be detained*" pending appeal unless the statutory requirements for release are met.  18 U.S.C. § 3143(b)(1) (emphasis added).  And none of those statutory requirements provide that a defendant's poor health or the need to care for a family member provide sufficient grounds for release.  *See id.* § 3143(b)(1)(A) & (B); *accord Miller*, 753 F.2d at 24 (noting that "the court must find" the statutory requirements to be met before granting release pending appeal).  As well, the Court already considered the issues surrounding the health of the defendant and his father at the time of sentencing, and staggered their sentences knowing that this defendant would serve his sentence after his father was released given that others are available to care for him if necessary.  The staggered sentences also gave this defendant more than a year to make the necessary arrangements for his father's care.

5. Lastly, in the alternative, defendant requests (Mot. at 3, ¶ 11) that his reporting date be changed from Saturday, May 17, 2025, to Monday, May 19, 2025, so he does not have to report on a weekend.  The government does not oppose this alternative request.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully urges the Court to deny defendant's motion for release pending appeal, save for defendant's alternative request to change his reporting date from May 17, 2025, to May 19, 2025.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/John N. Kane, Jr.*

JOHN N. KANE, JR.
Chief
U.S. Department of Justice, Tax Division
Northern Criminal Enforcement Section
150 M Street, N.E.
Washington, DC 20002
(202)353-9716
John.n.kane@usdoj.gov

Dated: May 15, 2025

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's opposition to defendant's motion for release pending appeal has been served upon the following via ECF:

Ian Comisky, Esq.
Matthew Lee, Esq.

*/s/John N. Kane, Jr.*
JOHN N. KANE, JR.
Chief
U.S. Department of Justice, Tax Division
Northern Criminal Enforcement Section
150 M Street, N.E.
Washington, DC 20002
(202) 598-5937

Dated: May 15, 2025